**In re Festas S. FERGUSON, Barbara Ann Ferguson, Debtors.**

**GENERAL AUTO SALES, Plaintiff,**

v.

**Festas S. FERGUSON, Barbara Ann Ferguson, Defendants.**

Bankruptcy No. 3–83–00433.
Adv. No. 3–83–0126.

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 24, 1983.

Bernard G. Watts, Louisville, Ky., for debtors.

John A. Majors, Morgan & Pottinger, Louisville, Ky., for plaintiff.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

The debtors here seek to have General Auto Sales, Inc., a creditor, held in contempt for a willful violation of the automatic stay pursuant to 11 U.S.C. § 362. A hearing on said motion was held June 16, 1983, at which time the parties appeared in person and by counsel, presenting testimony and argument on the merits of the issue.

It is uncontroverted the bankruptcy petition was filed on March 4, 1983, at which time the debtors owned two vehicles under mortgage to General Auto Sales, Inc., the indebtedness being approximately $7,900.00, and the value of the vehicles being approximately $6,200.00 to $7,000.00. The parties had established a satisfactory credit relationship dating back to 1973 and had experienced no major differences prior to this filing.

Subsequent to the filing and before the § 341 hearing, the debtor called the creditor advising of the petition and his desire to reaffirm on the debt to retain the vehicles. On several occasions the creditor's agents or employees visited the debtors' home in a tow truck, and conversations ensued between the debtors and said employees, with the office of debtors' attorney, and with the creditor's office. The debtors allege the creditor's visits were to demand the return of the vehicles and the keys thereto, and that the actions of the creditor or its representatives were in violation of the automatic stay.

The creditor insists said contacts were for the sole purpose of viewing the vehicles to determine their condition and value for reaffirmation purposes. The testimony was contradictory as to what transpired on the occasions of these visits and the stated pur-

pose therefor. The debtors contend the creditor's agents were hostile, threatening, and uninvited to their premises contrary to the spirit and intent of 11 U.S.C. § 362. Both parties agree that in the instant case the debtor initiated the contact with the creditor subsequent to the filing of the petition to apprise him of the filing of the bankruptcy as well as his desire to retain the vehicles through the process of reaffirmation. While both parties were receptive to such an arrangement, the focus of the alleged discord centered around the uncertainty of who would prepare the necessary papers and a disagreement as to the value of the collateral.

It is unquestioned that on at least two occasions, the creditor's representatives did visit the debtors' property citing as justification the need to personally view the collateral for valuation purposes and to determine its condition. It was further established that on April 2, 1983, the debtor failed to appear at the creditor's place of business for the purpose of executing the necessary reaffirmation agreement.

It is unquestioned that the creditor is precluded from harassing or threatening activities pursuant to 11 U.S.C. § 362 after the filing of a petition for relief. However, where, as here, the contact was initiated by the debtor seeking to negotiate a reaffirmation agreement, the creditor, in reliance upon the debtor's stated intended purpose, may visit the debtor for the purpose of viewing the collateral and negotiating the requisite terms. Such overture of reaffirmation, however, does not give the creditor the right to threaten or intimidate the debtor nor the right to unilaterally seek recovery of the collateral as alleged here.

The burden in all cases alleging a violation of the automatic stay and seeking to invoke contempt citations as a result thereof rests on the movant. Where the debtor has initiated and encouraged a line of communication which of necessity demands contact between the parties and has failed to appear at a scheduled meeting to finally resolve these issues, the creditor is warranted in seeking to determine the location and value of the collateral as well as the cause for the debtor's failure to finalize the reaffirmation process.

In the instant case there is a direct contradiction of the complained of actions by the creditor and its agents, and in view of the debtor's having initiated the contact with the creditor for this avowed purpose, it is the opinion of the Court that from the evidence presented the debtor has failed to sustain his burden of proof to show that the creditor's actions in visiting the property were a violation of 11 U.S.C. § 362.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 24th day of October, 1983, the parties to bear their respective costs.